UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOSE BARAJAS DUQUE,

                 Petitioner,

v.

KEVIN RAYCRAFT et al.,

                 Respondents.

_____/

Case No. 2:26-cv-37

Honorable Jane M. Beckering

**<u>OPINION</u>**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Chippewa County Correctional Facility located in Sault Sainte Marie, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention based on his Temporary Protected Status (TPS)[2] and asks the Court to, *inter alia*, accept

---

[1] Petitioner was one of two petitioners named in the § 2241 petition. In an Order entered on February 13, 2026, the Court severed the claims of the petitioners into two separate actions. (Order, ECF No. 6.) Petitioner's claims proceed in the present action.

[2] Under 8 U.S.C. § 1254a, the Secretary for the Department of Homeland Security

> may designate a foreign state for TPS when nationals of that state cannot return there safely due to armed conflict, natural disaster, or other "extraordinary and temporary conditions," unless the Secretary "finds that permitting the [noncitizens] to remain temporarily in the United States is contrary to the national interest of the United States."

jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering

Respondents to release Petitioner. (Pet., ECF No. 1, PageID.12; Br., ECF No. 2.)

In an Order entered on February 19, 2026, the Court directed Respondents to show cause,

within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 8.) Respondents filed their response on February 24, 2026

(ECF No. 9), and Petitioner filed his reply on February 27, 2026 (ECF No. 11).

## II.     Relevant Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.4.) Petitioner has

been in ICE custody since October 23, 2025. (*Id.*) Petitioner was granted TPS pursuant to the 2023

TPS Designation for Venezuela. (*Id.*, PageID.5.) Petitioner "has consistently renewed TPS since

this initial registration," including filing a renewal application pursuant to the January 17, 2025,

extension.[3] (*Id.*)

---

*Nat'l TPS All. v. Noem*, 150 F.4th 1000, 1010 (9th Cir. 2025) (quoting 8 U.S.C. § 1254a(b)(1)(C)). "Such a designation permits certain nationals of the foreign state, who have continuously resided in the United States since the effective date of the designation, to register for employment authorization and protection from deportation for the duration of the TPS period." *Id.* (quoting 8 U.S.C. § 1254a(a)(1), (b)(2)). Additionally, there are other restrictions, including, for example, that applicants for TPS "must not have been 'convicted of any felony or 2 or more misdemeanors committed in the United States.'" *Id.* (quoting 8 U.S.C. § 1254a(c)(2)(B)(i)). Further, "TPS does not provide beneficiaries with a pathway to permanent resident status, nor does it include any right to petition for visas on behalf of family members in the United States or abroad." *Id.*

[3] With respect to TPS for Venezuela, "[o]n January 17, 2025, Secretary Mayorkas extended the 2023 [TPS] Designation by eighteen months, through October 2, 2026." *Nat'l TPS All. v. Noem*, 166 F.4th 739, 751 (9th Cir. 2026) (footnote and citation omitted). "The extension was set to become effective on April 3, 2025," the day after the 2023 TPS Designation was due to expire. *Id.* (citation omitted). "On January 24, 2025, DHS began drafting the decision to vacate the TPS extension" for Venezuela. *Id.* Thereafter, on January 26, 2025, "DHS began drafting a termination of Venezuela's TPS." *Id.* On January 28, 2025, Secretary Noem signed off on the decision to vacate the January 17, 2025, extension of TPS for Venezuela, meaning that the 2023 TPS Designation for Venezuela effectively expired on April 2, 2025. (*Id.*) Subsequently, on February 1, 2025, "Secretary Noem signed off on the termination [of TPS]" for Venezuela. *Id.* (citation omitted). Secretary Noem did not terminate the 2021 TPS Designation for Venezuela, however, the 2021 TPS Designation "had only been extended to September 10, 2025." *Id.* (citation omitted).

On January 7, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Barajas Duque v. Raycraft* (*Barajas Duque I*), No. 2:26-cv-10 (W.D. Mich.). In *Barajas Duque I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Barajas Duque I*, (W.D. Mich. Jan. 24, 2026), (ECF Nos. 10, 11). On January 28, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Ex. to Status Report, *Barajas Duque I*, (W.D. Mich. Feb. 2, 2026), (ECF No. 12-1). At the conclusion of the hearing, the Immigration Judge denied Petitioner's request for bond. *Id.* On February 10, 2026, Petitioner filed the instant habeas action challenging the lawfulness of his current detention based solely on his TPS. (Pet., ECF No. 1.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

In the present § 2241 petition, Petitioner contends that Respondents have unlawfully detained Petitioner despite Petitioner's TPS. (*See* Pet., ECF No. 1, PageID.11.) Based on this, Petitioner seeks immediate release, alleging a violation of 8 U.S.C. § 1254a(d)(4), which provides that if a noncitizen has TPS, then the noncitizen "shall not be detained by the Attorney General on

3

the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4). Respondents argue that Petitioner's § 2241 petition should be denied because he does not currently hold TPS. (*See* Resp., ECF No. 9, PageID.35.)[4]

Here, Petitioner states that he was granted TPS pursuant to the 2023 TPS Designation for Venezuela. (Pet., ECF No. 1, PageID.5.) As set forth above, Secretary Noem vacated the extension of the 2023 TPS Designation for Venezuela, meaning that the 2023 TPS Designation for Venezuela effectively expired on April 2, 2025, and then signed off on the termination of TPS for Venezuela. *See supra* note 3. The validity of Secretary Noem's actions regarding TPS for Venezuela is currently being litigated. In October 2025, the United States Supreme Court allowed the termination of TPS for Venezuela to take effect pending the Government's appeal and "disposition of a petition for a writ of certiorari, if such writ is timely sought." *Noem v. Nat'l TPS All.*, 146 S. Ct. 23, 24 (2025). On January 28, 2026, in *National TPS Alliance v. Noem*, 166 F.4th 739 (9th Cir. 2026), the United States Court of Appeals for the Ninth Circuit affirmed the United States District Court for the Northern District of California's finding that Secretary Noem exceeded her statutory authority by revoking TPS protections for Venezuelans and Haitians. At this time, based on the procedural history of *National TPS Alliance v. Noem*, this non-binding case does not affect the Court's analysis in this habeas action. *Cf. Nat'l TPS All.*, 146 S. Ct. at 24 (allowing the termination of TPS for Venezuelan nationals to take effect pending the Government's appeal). Under these circumstances, Petitioner has failed to show that he currently has TPS or that he had TPS when he was taken into ICE custody. Therefore, at this time, the Court will deny Petitioner's § 2241 petition, which is premised solely on his prior TPS.

---

[4] Because the Court will deny Petitioner's § 2241 petition for the reasons set forth herein, the Court does not address the other arguments raised in Respondents' response.

4

**V.      Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.)


Dated:      March 6, 2026                              /s/ Jane M. Beckering
                                                       Jane M. Beckering
                                                       United States District Judge